UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60895-CIV-ZLOCH

BENJAMIN AGOSTO,

      Plaintiff,

vs.                                    **DEFAULT FINAL JUDGMENT**

CLASSIC TOUCH AUTO BODY &
COLLISION, INC., and JORGE
PORRAS,

      Defendants.
_____/

    THIS MATTER is before the Court upon Plaintiff Benjamin Agosto's Motion For Final Judgment (DE 11). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    Plaintiff initiated the above-styled cause with the filing of his Complaint (DE 1) on June 11, 2008, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. (2006) (hereinafter "FLSA"). After timely service upon both Defendants and the failure by both to timely respond, Default was entered on August 15, 2008. DE 8. Between the time default was entered and the instant Motion was filed, a letter addressed to Plaintiff's Counsel was docketed at Docket Entry 10. Though styled as "Answer" on the docket by the Clerk of this Court, the letter does not attempt to meet the allegations of the Complaint but is simply a writing signed by individual Defendant Jorge Porras. Accordingly, the same shall be stricken. Other than this letter (DE 10), no other filing,

including a Motion To Vacate Default, was filed by Defendant Porras, and no document was ever filed by Defendant Classic Touch Auto Body & Collision, Inc. By the instant Motion (DE 11) Plaintiff now moves for Final Judgment against both Defendants. Included in the instant Motion (DE 11) is Plaintiff's motion for attorney's fees. 29 U.S.C. § 216(b).

The well-pleaded allegations made in Plaintiff's Complaint (DE 1) are deemed admitted by Defendants by virtue of the default entered against them. Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005) (citations omitted). Thus, the allegations Defendants admit by their default are that they employed Plaintiff in interstate commerce and in a non-exempt status, Plaintiff worked in excess of forty hours per week on at least one occasion, Defendants failed to pay Plaintiff a minimum wage on at least one occasion, and that Defendants failed to pay Plaintiff overtime on at least one occasion.

By the instant Motion (DE 11), Plaintiff seeks to recover no actual damages. The Motion states, in relevant part, as follows verbatim:

> 5. In this matter, Plaintiff worked _____ (\_\_\_\_) hours for _____ (\_\_\_\_) weeks for Defendants.
>
> 6. The Plaintiff was to receive $_____ per hour and $_____ for overtime.
>
> 7. Therefore, Plaintiff should have received $_____. Plaintiff was never paid by Defendants.
>
> 8. As a result, Plaintiff is due $_____ in unpaid

2

>compensation, and additional amount in liquidated damages of $_____, and attorney fees and costs in the amount of $_____.

DE 11, ¶¶ 5-8.  Plaintiff's Counsel, as officers of this Court and fiduciaries of their client, have seen fit to file the Motion (DE 11) as it appears.  The Court is wearied at their carelessness.

Attached to the instant Motion is the Affidavit of Plaintiff Benjamin Agosto (DE 11, Ex. A).  The Affidavit attests that Plaintiff worked for Defendants during the two-week period from April 7-19, 2008, but did not receive a minimum wage for "approximately 60 hours of work."  DE 11, Ex. A, ¶ 3.  He also avers that he was not paid overtime for "approximately 40 hours."  Id.  The Complaint, with its well-pled allegations taken as true, only adds that "[d]uring his employment," Plaintiff worked "for Defendants in excess of forty (40) hours per week."  DE 1, ¶ 10.  It reiterates that Defendants failed to pay him overtime or minimum wage for these hours.  The Court has struggled with what to make of the hours equivocally alleged by Plaintiff.  The Affidavit does not make it clear, and Counsel have been less than helpful.  Upon Plaintiff's statement that he worked "approximately 60 [regular] hours" and "approximately 40 hours of overtime" over two weeks, the Court finds it reasonable to conclude that Plaintiff worked 100 hours evenly during those two weeks.  That is, that he worked forty regular hours and ten overtime hours in each week.  This falls within Plaintiff's approximation.

The minimum wage for this period was $5.85 per hour. 29 U.S.C. § 206(a)(1). Therefore, Plaintiff shall recover $468.00 ($5.85 x 80 hours) in regular wages plus $175.20 ($8.76 x 20 hours) in overtime, for a total recovery of $643.20.

By the instant Motion (DE 11) Plaintiff also seeks to recover his reasonable attorney's fees for the successful prosecution of this action. While the award of attorney's fees is mandatory under the FLSA, the Court has a duty to make sure that such an award is reasonable. See Hensley v. Eckhart, 461 U.S. 424, 433-34 (1983) (noting that reasonableness is the bedrock upon which the determination of the amount of attorney's fees rests). The determination of exactly what fees to assess is vested in the sound discretion of the Court. Further,

> it generally is recognized that the federal courts should exercise care and restraint when awarding attorney's fees. Undue generosity might encourage some members of the bar to seek out clients and encourage litigation over disputes that otherwise might not reach the courts. Were this to become a widespread practice both the American system of civil litigation and the legal profession might fall into public disrepute.

10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2675.1 (1998). Such a warning to guard the integrity of our common profession, lest lawyers encourage litigation, informs the Court's reasoning herein.

Plaintiff's Counsel have clearly put their desire for fees before their client's needs. In "drafting" the instant Motion (DE 11), they failed simply to fill in the blanks of their form-motion.

4

The Court notes that between a brief recitation of the procedural posture in paragraphs 1-2, and the would-be substantive paragraphs quoted above, Counsel place front and center the recovery of fees in paragraphs 3 and 4 of the Motion. DE 11, ¶¶ 3-4. Moreover, the very wording of the demand for fees reveals who they were thinking of: "In accordance with the FLSA, the undersigned is entitled to reasonable attorney's fees as a prevailing party in this matter pursuant to Section 216(b) of the FLSA." DE 11, ¶ 3 (emphasis added). This is, clearly, not correct. First, Plaintiff's attorneys are not prevailing parties in this action; their client is. Second, the award of attorney's fees is made to the client as the prevailing party, not to his counsel. Godoy v. New River Pizza, Inc., ____ F. Supp. 2d ____, 2008 WL 2777142, *1 (noting that "a party has a right to attorney's fees incurred in the successful prosecution of his claims") (citing 29 U.S.C. § 216(b)) (emphasis added).

To calculate a reasonable attorney's fee, the Court must utilize the "lodestar" method. See Norman v. Housing Auth. of City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). In computing the lodestar, the first step is to determine the reasonable hourly rate. A "reasonable hourly rate" has been defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir.

1994) (quoting Norman, 836 F.2d at 1299). The Court is deemed an expert on the issue of hourly rates in this community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." Loranger, 10 F.3d at 781 (quoting Norman, 836 F.2d at 1303). While two attorneys, Christopher John Whitelock, Esq. and Mr. Chad E. Levy, Esq., both made appearances in this action, the request for attorney's fees only lists hours expended by Mr. Levy. Here the Court is satisfied that a reasonable lodestar for Mr. Levy, based on the work performed and the skill required to render the quality of work submitted, is $175.00 per hour.

Once the lodestar is set, the Court must determine the reasonable number of hours incurred in making the motion. This analysis focuses on the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." ACLU of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999) (quoting Norman, 836 F.2d at 1301) (emphasis omitted). The burden of establishing that the time for which compensation is sought was reasonably expended on the litigation rests on the applicant. See id. at 428. The fee applicant must provide the Court with specific and detailed evidence that will allow the Court to accurately determine the amount of fees to be awarded. Id. If the applicant

6

fails to exercise the requisite billing judgment, the Court is obligated to do so by reducing the amount of hours and "pruning out those that are excessive, redundant or otherwise unnecessary." Id.

The instant Motion (DE 11) reflects that Mr. Levy expended 10.6 hours in the successful prosecution of this action. DE 11, Ex. C. The Court finds that this is not a reasonable amount of time spent on this perfunctory case resulting in the instant Default Final Judgment. Mr. Levy billed .8 hours for the drafting of the Compliant (DE 1) filed herein. A comparison of the Complaint filed in the instant action with the Complaint filed in Case No. 08-60873-CIV-ZLOCH only two days before the instant action reveals that only very minor changes were made to paragraphs 1, 9-10, 13, 15, and 16. Another form.[1] These changes should not have taken more than .2 hours to insert. Second, Mr. Levy billed .5 hours for drafting the Statement Of Claim (DE 4) filed in this case. However, the Affidavit Of Benjamin Agosto (DE 11, Ex. A) is also a statement of his wages owing. This document, which is shorter than the Statement Of Claim, supposedly took .8 hours to compile. Part of this .8 hour charge was for Mr. Levy to "review wage calculations," DE 11, Ex. C, p. 4, yet not a single wage calculation or dollar amount appears in Plaintiff's Affidavit. The deficiency of this Affidavit has been otherwise noted above, and it

---

[1] "Plaintiff, however, will exert their [sic] collective [sic] diligent efforts [sic] to obtain such information by appropriate discovery proceedings . . . ." DE 1, ¶ 12.

could not have taken more than .1 hour to compose.  Additionally, Mr. Levy billed .6 hours for the drafting of the instant Motion, which is a form without its blanks even filled in.  Inserting the proper party names, case number, and relevant dates into the instant Motion (DE 11), and adding nothing more, could not have taken more than .2 hours.  Mr. Levy clearly failed to exercise the requisite billing judgment on behalf of his client.  Barnes, 168 F.3d at 428.  With these gross overstatements of the time required, and considering the nature of the work involved in this case, to compensate Plaintiff for the work necessarily performed on his behalf by his attorneys the Court shall reduce Plaintiff's award of attorney's fees from 10.6 hours to 4 hours.  Therefore, Plaintiff shall recover $700.00 ($175 x 4) in attorney's fees.

Plaintiff also seeks costs in the amount of $503.75.  The Court notes that $3.75 of this charge is for "Various Postage."  DE 11, Ex. C, p. 4.  Postage costs are not properly taxable under 28 U.S.C. § 1920, and therefore this charge shall be eliminated. Plaintiff shall recover $500.00 in costs.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. The Court has jurisdiction over the Parties hereto and the subject matter herein;

2. Defendants' letter (DE 10) be and the same is hereby **STRICKEN**;

3. Plaintiff Benjamin Agosto's Motion For Final Judgment (DE 11) be and the same is hereby **GRANTED**;

4. Pursuant to Federal Rules of Civil Procedure 55 and 58, Default Final Judgment be and the same is hereby **ENTERED** in favor of Plaintiff Benjamin Agosto and against Defendants Jorge Porras and Classic Touch Auto Body & Collision, Inc.

5. Plaintiff does have and recover from Defendants Jorge Porras and Classic Touch Auto Body & Collision, Inc. the sum of $643.20 in unpaid wages together with interest thereon at a rate of 2.12% per annum, for all of which let execution issue;

6. Plaintiff does have and recover from Defendants Jorge Porras and Classic Touch Auto Body & Collision, Inc. the sum of $700.00 ($175 x 4) in attorney's fees plus $500.00 in costs, for a total award of $1,200.00 in attorney's fees and costs, for all of which let execution issue; and

7. To the extent not otherwise disposed of herein, all pending motions are hereby **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 29th day of August, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies Furnished:

All Counsel of Record

9